# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA *ex rel.* CHRISTINA ELLIS and JONATHAN ELLIS, Relators,

Plaintiffs,

v.

JING SHU ZHENG and SJ 5318 INVESTMENT CORP.,

Defendants.

Case No. 2:16-cv-01447-APG-NJK

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFFS/COUNTERCLAIM DEFENDANTS**

On October 16, 2018, I conducted a non-jury trial of the counterclaims asserted in this case by defendant Jing Shu Zheng ("Zheng"). As required by Federal Rule of Civil Procedure 52(a), I hereby enter my findings and conclusions.

## FINDINGS OF FACT

1. On March 22, 2013, Jonathan and Christina Ellis executed a lease to rent from Zheng the dwelling located at 4411 Melrose Abbey Place, Las Vegas, Nevada ("the House"). A portion of the lease was admitted into evidence at trial as Exhibit 1. The lease required rental payments of $2,300 per month. The lease was to expire on March 31, 2015.

2. According to the lease agreement, the total security deposit was $2,500: $2,300 as a security deposit and $200 as a key/remote deposit.

3. The Ellises provided Zheng or her agent the deposit of $2,500 at move in.

4. The Ellises moved in to the House on March 22, 2013. They lived at the House until January 31, 2015.

5. At the end of November, 2014, the Ellises submitted a 30-day notice that they would vacate the House. They moved out at the end of January, 2015.

6. The lease does not include an early termination provision.

7. Zheng did not return the Ellises's security deposit and did not provide a written accounting of the disposition of the security deposit within 30 days of their moving out.

8. Zheng offered no evidence that the Ellises improperly terminated the lease, or that they caused any damage to the House. Nor did Zheng offer any evidence that she suffered any damages as a result of actions by the Ellises.

## CONCLUSIONS OF LAW

1. The lease does not contain an early lease termination provision. Therefore, Zheng is not entitled to damages because the lease terminated prior to its expiration date.

2. Zheng has failed to satisfy her burden of proof that the Ellises breached the lease. Zheng has failed to satisfy her burden of proof that the Ellises committed any torts against her. Zheng has failed to satisfy her burden of proof that she suffered any damages as a result of actions taken by the Ellises.

3. Therefore, Zheng is not entitled to prevail on her claims against the Ellises or recover any damages from the Ellises.

IT IS THEREFORE ORDERED that the clerk of the court is directed to enter judgment against Zheng and in favor of the Ellises on Zheng's counterclaims.

DATED this 16th day of October, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE