| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTINA ELLIS and JONATHAN ELLIS, Relators,<br><br>Plaintiffs<br><br>v.<br><br>JING SHU ZHENG,<br><br>Defendant | Case No.: 2:16-cv-01447-APG-NJK<br><br>**Order Granting Motion for Attorney's Fees**<br><br>[ECF No. 68] |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Relators/plaintiffs Christina Ellis and Jonathan Ellis move for an award of $5,520 in attorney's fees as the prevailing parties under 31 U.S.C. § 3730(d)(2) and pursuant to the terms of the lease with defendant Jing Shu Zheng. Zheng responds that there is no basis to award fees under § 3730(d)(2) because that section limits fees to those actually incurred, and here the Ellises received free legal services so they did not "incur" any fees. Zheng argues there is no basis to recover fees under the lease because the Ellises asserted a claim under the False Claims Act, not under the lease, and there was no breach of the lease. The Ellises reply that they can recover fees even though they are represented by pro bono counsel and they are entitled to fees under the lease because that agreement requires only a court action and a prevailing party, both of which are satisfied here.

Section 3730(d)(2) provides that:

> If the Government does not proceed with an action under this section, the person bringing the action or settling the claim . . . shall . . . receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.

The Ninth Circuit has not yet addressed whether a False Claims Act relator/plaintiff can "incur" fees under this section if he or she is represented by pro bono counsel. However with respect to other federal fee-shifting statutes that use similar "incur" language, the Ninth Circuit has held that a plaintiff incurs legal fees even when represented by pro bono counsel. *See Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) (holding a plaintiff incurred fees under 42 U.S.C. § 11607(b)(3) when represented by pro bono counsel); *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) (holding that because the plaintiff had an attorney-client relationship with the ACLU, its representation of him "at no charge, pursuant to the retainer agreement, does not preclude awarding reasonable attorneys' fees" under the Equal Access to Justice Act (EAJA)). Other courts have reached a similar conclusion. *See*, *e.g.*, *Ed A. Wilson, Inc. v. Gen. Servs. Admin.*, 126 F.3d 1406, 1409 (Fed. Cir. 1997) (stating that "courts have awarded attorney fees under EAJA and similar fee-shifting statutes requiring that fees be 'incurred' when the prevailing party is represented by a legal services organization or counsel appearing pro bono.").

      Similar reasoning would apply to the False Claims Act. The Ellises entered into a retainer agreement with Nevada Legal Services, Inc. for pro bono legal services. ECF No. 68-1 at 10-12. That agreement acknowledges that the Ellises will not have to pay attorney's fees, but it authorizes Nevada Legal Services to "seek and collect attorneys' fees in addition to any relief it seeks for" the Ellises, and the Ellises agreed that Nevada Legal Services may keep any fees it recovers. *Id.* at 10. Attorney's fees therefore have been "incurred" within the meaning of the False Claims Act's fee-shifting provision. This conclusion is consistent with the False Claims Act's purposes of encouraging private individuals who know of fraud against the Government to bring that information forward and rewarding them for doing so. *U.S. ex rel. Biddle v. Bd. of Trustees of Leland Stanford, Jr. Univ.*, 161 F.3d 533, 538-39 (9th Cir. 1998). It is in the public's

interest to encourage pro bono legal service providers to take on such cases for indigent clients, and they may be discouraged from doing so if their clients cannot seek fees under § 3730(d)(2).

Turning to the fee request, when determining a reasonable fee award under a federal fee-shifting statute such as the False Claims Act, I "first calculate the lodestar by multiplying the number of hours reasonably expended . . . by [the] reasonable hourly rate." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (quotation omitted). I also consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter*, 757 F.3d at 869 (quotation omitted). I also am guided by the factors set forth in Local Rule 54-14(b), which generally overlap with the *Kerr* factors.

The Ellises have presented evidence that a $200 per hour rate is reasonable and is in line with rates approved in this district. ECF Nos. 68 at 4-5; 68-1 at 3, 6. Zheng does not dispute this is a reasonable rate and, consistent with my experience in reviewing attorney's fee requests, it is a reasonable rate.

The Ellises seek 17.9 hours for attorney Dawn Jensen and 9.7 hours for attorney David Olshan for work such as drafting the summary judgment motion, reply brief, trial brief, and findings of fact and conclusions of law; attending calendar call; preparing the Ellises for trial; and attending trial. ECF No. 68-1 at 2-5. Jensen and Olshan spent time on other tasks for which the Ellises do not seek compensation. *Id.* at 3, 6. This is a reasonable number of hours for the

work performed, and Zheng does not contend otherwise. Multiplying the reasonable hourly rate by the reasonable number of hours expended, the lodestar is $5,520.

The *Kerr* and Local Rule 54-14 factors support this award. The Ellises' attorneys have described the time and labor required and have excluded certain work from the fee request as a courtesy to Zheng. The novelty and difficulty of the questions involved support the fee request, as this case involved False Claims Act litigation based on Section 8 housing violations, a claim infrequently pursued in this district. The request is in line with the customary fee in this district. Finally, the amount involved is substantial and Ellises' attorneys obtained an excellent result, securing $177,316.00 on the Ellises' claim and defeating Zheng's counterclaim. ECF Nos. 28, 63. I therefore grant the Ellises' motion for attorney's fees in the amount of $5,520.

IT IS THEREFORE ORDERED that the plaintiffs/relators' motion for attorney's fees **(ECF No. 68) is GRANTED**. The clerk of court is instructed to enter judgment in favor of Christina Ellis and Jonathan Ellis and against defendant Jing Shu Zheng in the amount of $5,520 in attorney's fees.

DATED this 31st day of July, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE